# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 2:19-CR-00088-01** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **ERIC LAWAUN ALEXANDER (01)** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is "Defendant's Motion to Suppress" (Doc. 19) filed by Eric Lawaun Alexander wherein Mr. Alexander seeks to suppress physical evidence and statements resulting from a vehicle stop. After an evidentiary hearing, the Magistrate Judge issued a Report and Recommendation[1] wherein she recommended that the Motion to Suppress be denied, reasoning that the stop which Mr. Alexander maintains was unlawful, was justified at its inception and lasted no longer than required to effectuate the goals of the stop.[2] Mr. Alexander objects to the recommendation. The undersigned has reviewed and considered the objections made by Mr. Alexander, and will adopt the Report and Recommendation, and deny the motion to suppress.

Mr. Alexander has been charged with one count of possession with intent to distribute methamphetamines, one count of possession of a firearm in furtherance of a drug trafficking crime, and one count of possession of a firearm by a convicted felon.[3] Corporal Wolford stopped Mr. Alexander after he failed to activate his turn signal; the stop was

---

[1] Doc. 34.
[2] *Id.* p. 4.
[3] Doc. 1, pp. 1-2,

made after Corporal Wolford observed Mr. Alexander drive from a hotel parking lot known for its drug related activities to a gas station and then return to the hotel.

Mr. Alexander, through his counsel, argues that it was unlawful for Corporal Wolford to initiate the stop because Mr. Alexander did not violate Louisiana Revised Statute § 32:104.[4] Counsel argues that the turn signal statute does not apply to the traffic maneuver[5] Mr. Alexander conducted because he never completed a full right turn from the hotel into street, but instead traversed diagonally across the street from the hotel to the gas station parking lot. Thus, he argues that the vehicle never fully entered the lane on the highway. He further argues that because Mr. Alexander's vehicle never fully entered the lane, § 32:104 does not apply to his traffic maneuver and therefore, Corporal Wolford lacked reasonable suspicion to stop Mr. Alexander's vehicle.

The Court has reviewed the evidence and considered the arguments, and finds no merit to Mr. Alexander's objections. Specifically, we find that the Magistrate Judge's Report and Recommendation is entirely correct and will affirm her rulings for the reasons stated therein. The video reveals that Mr. Alexander made a right turn coming out of the hotel, and then a quick left turn into the gas station without activating a turn signal. We find no merit to defense counsel's statement that Mr. Alexander never fully entered the east bound lane, thus making the statute inapplicable. Furthermore, we are not persuaded by

---

[4] La. Rev. Stat. § 32:104(B) (Turning movements and required signals) provides:
> Whenever a person intends to make a right or left turn which will take his vehicle from the highway it is then traveling, he shall give a signal of such intention in the manner described hereafter and such signal shall be given continuously during not less than the last one hundred (100) feet traveled by the vehicle before turning.

[5] Defense counsel refers to the traffic maneuver as a "zig-zag-type angle." Doc. 38, p. 2. Opposition to Report and Recommendation.

counsel's argument that because Corporal Wolford informed Mr. Alexander of the turn signal violation after he had been arrested, that this delay somehow transforms the stop into one without reasonable suspicion.

**THUS DONE AND SIGNED** in Lake Charles, Louisiana on this 15 day of August, 2019.

JAMES D. CAIN, JR.
UNITED STATES DISTRICT COURT