UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 2:19-CR-00088-01** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **ERIC LAWAUN ALEXANDER (01)** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the Court is a "Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A)" (Doc. 60) filed by Defendant Eric Lawaun Alexander.

## INTRODUCTION

On December 20, 2019, Defendant was sentenced to a term of imprisonment for 78 months and 3 years of supervised release for his conviction for possession with intent to distribute methamphetamine, in violation of 21 U.S.C.A. § 841 (a)(1) and (b)(1)(C), and possession of a firearm and ammunition by a prohibited person, in violation of 18 U.S.C.A § 922(g)(1) and 924(a)(2). Defendant's release date is June 16, 2024.

Defendant filed the instant Motion for Sentence Reduction *pro se* based on extraordinary and compelling reasons. Specifically, Defendant asserts that he should be released because the mother of his child has died and that one of his children, who is 16 years old, is now in the care of Defendant's ailing mother.[1]

---

[1] The Government indicates that Defendant has 6 children out of non-marital relationships, one of which is in foster care and there is no information as to who is caring for the remaining children.

## LAW AND ANALYSIS

A judgment, including a sentence of imprisonment, "may not be modified by a district court except in limited circumstances." *Dillon v. United States,* 560 U.S. 817, 825 (2010). Under 18 U.S.C. 3582(c), a court generally may not modify a term of imprisonment once it has been imposed, except in three circumstances; (1) upon a motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A); (2) to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure, 18 U.S.C. § 3582(c)(1)(B); and (3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

Section 3852(c)(1)(A) permits a court to reduce a prisoner's sentence "if he finds that" (1) "extraordinary and compelling reasons warrant such a reduction" and (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission."

Prior to 2018, only the Director of the BOP could file these kinds of compassionate release motions. In 2018, Congress passed, and President Trump signed the First Step Act, which among other actions, amended the compassionate release process. Under the First Step Act, § 3582(c)(1)(A) now allows prisoners to directly petition courts for compassionate release.

Section 3582(c)(1)(A) provides that any reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C, § 3582(c)(1)(A). Here, the applicable policy statement, U.S.S.G. § 1B1.13, provides that a

court may reduce the term of imprisonment after considering the § 3553(1) factors if the Court finds that (i) "extraordinary and compelling reasons warrant the reduction;" (ii) "the defendant is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. § 3142(g); and (iii) "the reduction is consistent with this policy statement."[2] U.S.S.G. § 1B1.13.

The policy statement includes an application note that specifies the types of medical conditions that qualify as "extraordinary and compelling reasons." First, that standard is met if the defendant is "suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia." U.S.S.G. § 1B1.13, cmt. n.1(A)(i). Second, the standard is met if the defendant is: (1) suffering from a serious physical or medical condition, (2) suffering from a serious functional or cognitive impairment, or (3) experiencing deteriorating physical mental health because of the aging process, any of which substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility, and from which he or she is not expected to recover. U.S.S.G. § 1B1.13, cmt. n.1(A)(ii).

The application note also sets forth other conditions and characteristics that qualify as "extraordinary and compelling reasons" related to the defendant's age and family circumstances. U.S.S.G. § 1B1.13, cmt. n.1(B)-(C). Finally, the note recognizes the

---

[2] The policy statement refers only to motions filed by the BOP director. That is because the policy statement was last amended on November 1, 2018, and until the enactment of the First Step Act on December 21, 2018, defendants were not entitled to file motions under § 3582(c). See first Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239. In light of the statutory command that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission," § 35829c)(2)(A)(ii), and the lack of any plausible reason to treat motions filed by defendants differently from motions filed by BOP, the policy statement applies to motions filed by defendants as well.

possibility that the BOP could identify other grounds that amount to "extraordinary and compelling reasons." U.S.S.G. § 1B1.13, cmt. n.1(D).

The BOP has issued a regulation to define its own consideration of compassionate release requests. See BOP Program Statement 5050.50.[3] This Program Statement was amended effective January 17, 2019, following the First Step Act's passage. It sets forth in detail the BOP's definition of the circumstances that may support a request for compassionate release, limited to the same bases the Sentencing Commission identified: serious medical condition, advanced age, and family circumstances. The policy statement is binding under the express terms of § 3582(c)(1)(A), and because it concerns only possible sentence reductions, not increases, it is not subject to the rule of *Booker v. United States,* 543 U.S. 220 (2005), that any guideline that increases a sentence must be deemed advisory. See *Dillon v. United States*, 560 U.S. 817, 830 (2010) (making clear that the statutory requirement in § 3582 that a court heed the restrictions stated by the Sentencing Commission is binding).

The Government argues that Defendant has failed to establish extraordinary and compelling reasons to warrant a reduction.  The Court agrees. Additionally, considering the factors in 18 U.S.C.A § 3553(1), because of the facts and circumstances of Defendant's conviction, his lengthy criminal history, and the need to protect the community, the Court finds that a release from confinement is not warranted. Moreover, the offense of conviction which included various narcotics, a firearm, and Defendant's flight from officers during a

---

[3] Available at https://www.bop.gov/policy/progstat/5050_50EN.pdf .

traffic stop, and three prior felony convictions along with numerous parole revocations does not justify Defendant's early release. Accordingly,

**IT IS ORDERED** that the Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Doc. 60) filed by Eric Lawaun Alexander is **DENIED.**

**THUS DONE AND SIGNED** in Chambers this 28th day of June, 2022.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE